# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Nº 08-CV-2000 (JFB) (ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 15 2016 ☆
LONG ISLAND OFFICE

DIANE CASTELLUZZO,

Plaintiff,

VERSUS

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Defendant.

**MEMORANDUM AND ORDER**
December 15, 2016

JOSEPH F. BIANCO, District Judge:

Diane Castelluzzo ("plaintiff") filed suit against Consolidated Edison Company of New York, Inc. ("defendant" or "ConEd") on April 30, 2008 in New York State court for additional pension benefits from defendant's Consolidated Edison Retirement Plan. By Order dated February 15, 2011, Judge Platt dismissed the case for failure to prosecute. By motion dated February 25, 2016 and docketed March 3, 2016, plaintiff moves to reopen the proceeding. For the reasons that follow, the motion is denied.

I. BACKGROUND

ConEd removed the action from New York State court to the Eastern District of New York on May 16, 2008 pursuant to 28 U.S.C. § 1441. The case was assigned to the Honorable Thomas C. Platt. On August 8, 2008, the parties submitted a joint motion to stay the action pending completion of defendant's administrative review of plaintiff's claim. (*See* ECF No. 10.) Judge Platt granted the motion on August 12, 2008, and stayed the case. (ECF No. 13.) Upon a subsequent joint motion to stay the case based upon plaintiff's ongoing medical treatment (ECF No. 15), Judge Platt stayed the action *sine die* (ECF No. 16).

On May 20, 2010, plaintiff was directed to inform the Court of the status of the case by May 30, 2010. (ECF No. 17.) Plaintiff did not comply with the Order. On February 15, 2011—more than eight months after plaintiff's deadline expired—Judge Platt dismissed the case for failure to prosecute. (ECF No. 18.) On February 23, 2011, the Clerk entered judgment, adjudging that plaintiff take nothing from the defendant, dismissing the case for failure to prosecute

1

pursuant to Fed. R. C. Pro. 41(b), and closing the case. (ECF No. 19.)[1]

By letter dated February 24, 2011, plaintiff moved to reopen the case. (ECF No. 20.) Plaintiff's counsel stated she had not received the May 20, 2010 Order directing plaintiff to file a status report or the February 15, 2011 Order dismissing the case. (*Id.*) She also stated that plaintiff had suffered an extremely debilitating stroke that had prevented plaintiff from communicating with her counsel until 2010. (*Id.*) Plaintiff's counsel further stated that she had been in communication with defendant's counsel regarding a possible resolution in this matter and, as such, both parties were unaware that the matter might be dismissed for failure to prosecute. (*Id.*) By letter dated March 4, 2011, defendant argued that it did not appear that plaintiff would be entitled to relief from the February 15, 2011 Order dismissing the action. (ECF No. 22.) On March 9, 2011, Judge Platt terminated plaintiff's letter motion for failure to comply with applicable rules.

Almost five years passed without any action on the part of plaintiff. By motion dated February 25, 2016, plaintiff moves to reopen the case. (Pl.'s Mot. Reopen ("Pl.'s Mot."), ECF No. 25.) That motion is presently before the Court. On March 4, 2016, the case was reassigned to this Court. On March 10, 2016, defendant filed its response in opposition to plaintiff's motion to reopen the case (ECF No. 26), and, on April 11, 2016, plaintiff filed her reply in support (ECF No. 28).

In her motion to reopen the case, Plaintiff states that the matter had been dismissed with leave to reopen (Pl.'s Mot. 2), presumably in reference to Judge Platt's February 15, 2011 Order.[2] She also states that the case was previously stayed and she "has now exhausted the administrative appeals provided in the plan and . . . has recuperated sufficiently in order to participate in the prosecution of this matter." (*Id.*)

Plaintiff's motion to reopen the case does not allude to the fact that the stay was lifted in 2009 (before the Order dismissing the case was entered), or that the Order dismissing the case was entered for failure to prosecute. Moreover, plaintiff does not reference her February 24, 2011 letter motion to reopen the case (despite the fact that she states that "[n]o previous application for the relief sought herein has been made to any other Court or judge" (Declaration of Diane Castelluzzo, ECF No. 25-1 at 6), defendant's March 4, 2011 response to that letter motion, or the fact that Judge Platt terminated the motion for failure to comply with the Court's individual practice rules. In addition, she does not offer any justification for her failure to move to reopen the case until nearly five years after her letter motion was terminated. In its response in opposition to the present motion, defendant highlights these omitted facts, including, specifically, that plaintiff's assertion in her motion that the matter was dismissed with leave to reopen was incorrect. (Def.'s Opp. Mot. Reopen ("Def.'s Br."), ECF No. 26 at 1-2.)[3]

---

[1] Unless otherwise stated by the dismissal order, a dismissal pursuant to Fed. R. Civ. P. 41(b) operates as an adjudication on the merits and, therefore, is a dismissal with prejudice. Judge Platt's Order did not state whether the dismissal was made with or without prejudice and, as such, it operates as dismissal with prejudice.

[2] For the reasons discussed *supra* note 1, plaintiff's statement is inaccurate. The Order operated as dismissal with prejudice.

[3] Defendant also states that plaintiff's counsel sent defendant a draft motion to reopen the case in November 2012. (Def.'s Br. Exhs. A & B.) Defendant responded that the case had been dismissed with prejudice over one year prior and that there was no

2

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment or order and provides six independent grounds for relief." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994).

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Pursuant to Rule 60(c), motions made pursuant to Rule 60(b) "must be made within a reasonable time," and motions based on grounds (1), (2), and (3) must be made within one year after the judgment, order, or proceeding was entered or taken. Fed. R. Civ. P. 60(c)(1); *see also Buffalo Teachers Fed'n v. Tobe*, 514 F. App'x 57, 58 (2d Cir. 2013) (examining the "reasonable time" requirement in light of when the movants "learned of the possible basis for their motion").

The provisions are mutually exclusive, *see Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 393 (1993), and a court "may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Maduakolam v. Columbia University*, 866 F.2d 53, 55 (2d Cir. 1989); *see also Oparaji v. N.Y. Dept. of Educ.*, No. 00-CV-5953 (ENV)(VVP), 2006 WL 2220836, at *2 (E.D.N.Y. July 20, 2006) (quoting *Maduakolam*, 866 F.2d at 55). Relief under the catch-all provision of Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (citation omitted).

## III. DISCUSSION

For the foregoing reasons, the Court concludes that plaintiff's motion to reopen the case is time-barred and fails on the merits.

### A. Plaintiff's Motion is Untimely

As noted, plaintiff did not state under which specific ground for relief as

---

basis to reopen the case. (Def.'s Br. Exh. C.) Plaintiff responded that the court had granted leave to move to open. (*Id.*)

enumerated in Rule 60(b)(1)-(6) she is moving. Further, as discussed below, the Court determines that the grounds provided in Rule 60(b)(1)-(5) do not apply and that, thus, the Court interprets plaintiff to be moving pursuant to Rule 60(b)(6). Nonetheless, in an abundance of caution, the Court has analyzed the timeliness of each of the six grounds for relief. It concludes that the motion is untimely regardless of which ground may apply and, as such, must be denied.

Plaintiff's motion to reopen was filed five years after this case was dismissed with prejudice and closed. In light of this, to the extent she moves under Rule 60(b)(1), (2), or (3), her motion is "absolute[ly]" untimely. *See* Fed. R. Civ. P. 60(b) ("[F]or reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."); *see also Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (noting that the one year "limitations period is 'absolute'") (citing 12 James Wm. Moore, *Moore's Fed. Practice* § 60.65[2][a], at 60-200 (3d ed. 1997)).

With respect to the other grounds of relief, Rule 60(b) requires that motions made pursuant to them "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Five years is "well beyond" any reasonable period. *Buffalo Teachers Fed'n*, 514 F. App'x at 58 (finding a motion brought *almost* five years after a final determination was "well beyond any period that would be reasonable"); *see also, e.g., Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that [filing a motion to reopen] three and one-half years from the date judgment was entered is a reasonable time."); *Newcard, Inc. v. Van Dijke*, 137 F. App'x 384 (2d Cir. 2005) (finding the court did not abuse its discretion in denying relief under Rule 60(b)(6) where the delay was over two years); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (finding the court did not abuse its discretion to deny relief where delay was over one year).

Looking to the individual circumstances of the case, plaintiff offers no explanation as to why she did not make her motion sooner. Plaintiff's motion claims that plaintiff "has now exhausted the administrative appeals provided in the Plan" (Pl.'s Mot. 2), but does not say that exhaustion took place in the time since March 2011. She also states that she has "recuperated sufficiently in order to participate in the prosecution of this matter" (*id.*), but does not state that there had been a change in her ability to communicate with her counsel and participate in the case to some extent, as outlined in plaintiff's counsel's February 28 and March 7, 2011 letters. (*See* ECF Nos. 20, 24.) Further, plaintiff does not state that she was unable to communicate with the Court.

Therefore, because the plaintiff's motion to reopen was not made either within a year, as required for motions made pursuant to Rule 60(b)(1), (2), and (3), nor was it made within a reasonable time, as required by motions made pursuant to Rule 60(b)(4), (5), and (6), her motion is time-barred.

B. Plaintiff's Motion Lacks Merit

Even had plaintiff timely filed the motion to reopen, plaintiff's motion lacks merit and should be denied on those grounds as well. In her motion to reopen, plaintiff did not state under which specific ground for relief as enumerated in Rule 60(b)(1)-(6) she is moving. Having analyzed each of the grounds for relief and the facts of the instant case, the Court construes plaintiff as moving pursuant to Rule 60(b)(6).

First, Rule 60(b)(1) provides courts with the discretion to grant relief from a final judgment based on mistake, inadvertence, surprise, or excusable neglect. In her papers, plaintiff does not set forth any basis upon

4

which the Court could determine Rule 60(b)(1) applies to the case.[4] Second, Rule 60(b)(2) and 60(b)(3) likewise do not apply because plaintiff has not indicated there is newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) or that there has been fraud, a misrepresentation, or other misconduct on the part of defendant. With respect to Rule 60(b)(4) and (5), those grounds are not applicable to the case. Judge Platt's Order is not "void," it was not a judgment that has "been satisfied," it was not based upon a prior decision that has "been reversed or otherwise vacated," and it is not the case that "it is no longer equitable that the judgment should have a prospective application." Fed. R. Civ. P. 60(b)(4), (5).

Because the first five grounds for relief pursuant to Rule 60(b) do not apply here, plaintiff's only remaining ground for relief is Rule 60(b)(6), the catch-all provision. *Maduakolam*, 866 F.2d at 55. However, plaintiff's motion lacks merit on this ground as well. Plaintiff's motion references the administrative appeals process and plaintiff's medical condition.[5] However, as discussed above, she does not say that exhaustion took place in the time since March 2011 or that there had been a change in her ability to communicate with her counsel and participate in the case to some extent, as outlined in plaintiff's counsel's February 28 and March 7, 2011 letters. (*See* ECF Nos. 20, 24.) What is evident from the record is that plaintiff was able to communicate with counsel to an extent that enabled counsel to file the February 24, 2011 letter motion. There is nothing in the present motion or elsewhere in the record that explains why plaintiff's counsel failed to file a motion to reopen the case after Judge Platt terminated the letter motion in 2011 or in the intervening time.

As stated above, relief under Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001). Plaintiff has not demonstrated why this case presents extraordinary circumstances and, upon its own review of the record, the Court has found none exist. Therefore, in addition to being untimely, plaintiff's motion to reopen the case is also denied on the merits.

---

[4] As discussed *supra*, plaintiff did indicate in her letter motion that she had not received either the May 20, 2010 Order directing plaintiff to submit a status report or the February 15, 2011 Order. (ECF No. 20.) This arguably amounts to mistake, but plaintiff makes no such argument in the present motion. Nonetheless, having considered the letter motion, the Court follows the Second Circuit, which has "'consistently declined to relieve a client under [Rule 60(b)(1)] of burdens of a final judgment entered against him due to the mistake or omission of his attorney'" and rejects these grounds. *Badian v. Elliott*, 165 F. App'x 886, 890 (2d Cir. 2006) (quoting *Samuels v. Northern Telecom, Inc.*, 942 F.2d 834, 837 n.2 (2d Cir. 1991) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (alteration in original))).

[5] Plaintiff also asserts that "[g]ranting this Motion will conserve judicial resources." (Pl.'s Mot. 2.) That assertion is untenable—the case is closed—and so the Court rejects it.

5

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff's motion to reopen the case is time-barred and fails on the merits. Accordingly, the Court denies the motion to reopen. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

s/ Joseph F. Bianco

JOSEPH F. BIANCO
United States District Judge

Dated: December 15, 2016
Central Islip, NY

\* \* \*

Plaintiff is represented by Linda A. Prizer, Cohen & Prizer, One Old Country Road, Suite 427, Carle Place, NY 11514. Defendant is represented Geraldine R. Eure, Mary K. Schuette, and Sharon Gail Goldzweig of ConEd, 4 Irving Place, Room 1600, New York, NY 10003; and Reginald Goeke, Beth Ann Schultz, and Tamara S Killion of Mayer Brown LLP, 1909 K St. NW, Washington, DC 20006.